**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 11, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT L. JOHNSON,

Defendant - Appellant.

No. 05-5232
(D.C. No. 89-CR-137-01-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Robert L. Johnson appeals his sentence imposed

following the government's request to revoke his supervised release. Mr. Johnson

stipulated to the allegations in the government's request and waived a revocation

hearing. The district court sentenced Mr. Johnson, on four counts, to four

consecutive terms of 24 months imprisonment, totaling 96 months. Our

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## Background

Mr. Johnson was convicted on October 3, 1989, following a jury trial, on two counts of money laundering and sixty counts of engaging in transactions with property derived from unlawful activity. After a direct appeal, his convictions as to twenty-eight of those counts were vacated. Mr. Johnson was then re-sentenced to 188 months on two counts, and another 120 months, to run concurrently, on the remaining thirty-two counts. A three year term of supervised release was imposed in each count, all running concurrently.

On June 7, 2002, Mr. Johnson's supervised release term commenced. On October 31, 2002, the government petitioned the court to revoke his supervised release, relying on two separate grounds. The government contended that Mr. Johnson (1) committed a federal crime, viz., possession of a controlled substance, in violation of the supervised release's Mandatory Condition and Condition number seven, and (2) failed to submit a truthful and complete written report to his probation officer within the first five days of each month in violation of Standard Condition number two. See I Aplt. App. Doc. 112 at 2-3. Mr. Johnson confessed to the allegations, and on March 24, 2003, the district court revoked the supervised release as to one term of his original conviction, and sentenced him to

- 2 -

an 18 month term of imprisonment, followed by an 18 month term of supervised release on that count. The supervised release as to the other counts was tolled pending Mr. Johnson's imprisonment.

On September 21, 2004, Mr. Johnson's next supervised release term began. Nearly a year later, on September 8, 2005, the government again requested that his supervised release be revoked, again asserting several grounds therefor, including: (1) violation of the Mandatory Condition prohibiting the commission of another federal, state, or local crime; (2) violation of Standard Condition number two by failing to submit a truthful and complete written report to his probation officer within the first five days of each month; (3) violation of Special Condition number seven, which prohibited engaging in solicitation of money during the term of supervised relief; (4) violation of Special Financial Condition number two, which prohibited making an application for a loan or entering any credit arrangement without consulting with his probation officer; and (5) violation of Special Condition number eight, which prohibited altering or destroying records of computer use. I Aplt. App. Doc. 31. As noted above, Mr. Johnson stipulated to those allegations and waived a hearing. The district court revoked all terms of his supervised release, and sentenced him to a total of 96 months imprisonment – 24 months to run concurrently on four counts. This appeal followed.

**Discussion**

On appeal, Mr. Johnson contends that his sentence was neither reasoned nor reasonable, and thus must be reversed. He argues that the consecutive ordering of the terms was improper because the district court erred (1) in taking into account the circumstances of the original offense, and (2) in relying upon Mr. Johnson's (admitted) drug use, which was a basis for the first revocation. We are unpersuaded.

As there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, we review under a "plainly unreasonable" standard. United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). We will not reverse a sentence if the record demonstrates that the sentence is reasoned and reasonable. Id. (internal quotations omitted). The district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. Id.

When a person violates a condition of his or her supervised release, the district court has the power to revoke the term of supervised release and impose prison time. See 18 U.S.C. § 3583(e)(3).[1] Of course, as we have repeated numerous times, the district court must also consider the factors set forth in various subsections of 18 U.S.C. § 3553(a). Furthermore, the district court must

---

[1] The maximum term of imprisonment involving each count of an underlying class D felony, such as we have here, is two years. 18 U.S.C. § 3853(e)(3).

also consider the policy statements located in Chapter 7 of the Sentencing Guidelines. United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992) (citing 18 U.S.C. § 3553(a)). These policy statements are advisory in nature, and they recommend a range of imprisonment upon revocation of supervised release. See United States Sentencing Guidelines Manual § 7B1.4 (2002); Kelley, 359 F.3d at 1305.

Mr. Johnson argues that the district court may not consider the original offense (or an offense involved in the first revocation) because the factors a district court may consider under 18 U.S.C. § 3583(e) do not include 18 U.S.C. § 3553(a)(2)(A). Section 3553(a)(2)(A) concerns the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense." Aplt. Br. at 10 (alterations omitted). He concedes that § 3583(e) does reference § 3553(a)(1) which provides for consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." He argues that the omission of § 3553(a)(2)(A) is intentional, and that § 3553(a)(1) was included merely to capture the history and characteristics of the defendant, rather than "the nature and circumstances of the offense." We know of no canon of statutory construction that would permit us to ignore part of the language in § 3553(a)(1) which includes "the nature and circumstances of the offense." Moreover, we think the district court could certainly consider the offenses in question under any number of factors including

(1) the history and characteristics of the defendant, (2) deterrence, and (3) protection of the public. 18 U.S.C. § 3553(a)(1) & (2)(B), (C).

There is no requirement that the district court consider each factor listed in § 3553(a) individually before issuing a sentence. United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005). That is to say, it is not our job to mandate that the district court perform a ritual in order to establish compliance. Id. To the contrary, all we require is that the district court consider the relevant factors en masse and indicate its reasoning for imposing the sentence. Kelley, 359 F.3d at 1305.

Upon through review of the entire record, we are more than satisfied that the district court adequately considered all the necessary factors in sentencing Mr. Johnson for violating the conditions of his supervised release. The court expressly stated that it considered the Chapter 7 policy statements in arriving at its sentence. See II Aplt. Supp. App. at 4. In addition, it explained the other factors it took into account, including Mr. Johnson unabated inability to comply with the law as well as the need to for deterrence and protection of the public from his future crimes. Id. at 7-8.

The district court properly considered the factors it was bound to review under 18 U.S.C. §§ 3583(e) and 3553(a), and accordingly, we conclude that Mr. Johnson's 96 month sentence was reasoned and reasonable under the

circumstances presented in this case.

**AFFIRMED**.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge