**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0260n.06
Filed: April 6, 2007

**No. 06-5832**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE WESTERN DISTRICT OF** |
| TERRELL JILES, | ) | **TENNESSEE** |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: SUTTON and SILER, Circuit Judges, and JORDAN, District Judge**[*]

**LEON JORDAN, District Judge**. This is an appeal from a sentence imposed upon the revocation of the defendant's term of supervised release. The defendant contends that his sentence of eighteen months is unreasonable because the district court considered an impermissible factor and because the sentence is greater than the guidelines advisory range of six to twelve months. For the following reasons, we **AFFIRM**.

### I. Background

---

[*]The Honorable Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

The defendant Terrell Jiles was convicted in August 2001 of being a felon in possession of a firearm and sentenced to forty-one months in prison followed by three years supervised release. His term of supervised release began December, 30, 2004. On November 29, 2005, the defendant's supervising probation officer filed a petition for a warrant for the defendant's arrest based on the defendant's recent state conviction for assaulting a police officer. On November 5, 2005, the defendant was stopped by a Memphis police officer for a violation of the vehicle registration law. A scuffle ensued and the defendant was accused of punching the police officer in the eye with a closed fist. On November 8, 2005, the defendant pled guilty in Shelby County General Sessions Court to "Assault-Bodily Harm" and received a four-day sentence with credit for time served.

In addition to the recent conviction, the petition also alleged that the defendant failed to attend scheduled mental health sessions, failed to notify his probation officer of a change in address, and failed to seek and maintain employment. At the revocation hearing, the probation officer testified as to the basis of each of the violations. The defendant also testified and attempted to explain the reasons for the violations. First, the defendant stated that he did not hit the police officer, but entered a "best interest" plea to the assault to get out of jail. Second, he explained that he quit going to mental health treatment because he did not like his new counselor. Finally, he admitted that he was living with another relative instead of his mother and said he was looking for a job but thought he needed some kind of

training. After hearing testimony of the probation officer and the defendant, the district court found that the defendant had committed all four violations and sentenced the defendant to eighteen months in prison followed by six months supervised release.

The district court was very concerned that the defendant had been convicted of the assault of the police officer, but found that it was the cumulative effect of all the violations that required the sentence imposed. The district court characterized the defendant's actions as "negative" responses to the conditions of release. The court stated:

> So the difficulty in the case is that where there is a pattern of an inability to get one's life together enough to get to counseling, to get to a job, which I think you could do before, to advise your officer of the changes of address, to stay in compliance with those requirements, and then you're stopped by an officer, and there was enough of an incident to result in a guilty plea in the state court system, we have a situation where I should not be blind to the direction which things are going.
> . . . .
> I can't ignore where we're going and not be concerned about my ultimate responsibilities under 18 U.S.C. § 3553 to - - which includes responsibility to protect the public where I can . . . .
> . . . .
> [W]e need to talk about the criteria and the things that we have to consider . . . . We consider the nature of the offense conduct, and we have talked about that because it's not just one thing, it's a pattern of things, but it does involve a dispute with an officer, which is a negative thing, but it involves a number of other things, difficulties in complying with the rules and regulations in a serious way. We also look at the history and characteristics of the defendant, and, frankly before all these things occurred, before we had the problems in prison and didn't get our good time and all that, I would not have predicted we would be here. . . .

3

The sentence needs to reflect the seriousness of the offense, and I have already said that all these are serious offenses. What the court obviously is always concerned about is when it involves an officer. . . .

The need to afford adequate deterrence, and for a sentence to do that, there needs to be a clear message that you can't get in a dispute with an officer, and also you can't disregard the instructions of the court officers in what you need to do while you're on supervised release. . . .

The need to protect the public, I come back to that one, there's some problem here, and it has become one which we have attempted unsuccessfully. . . . We attempted mental health counseling . . . .

The need for training, mental health counseling, so forth, there's no doubt that it would be beneficial, but we have sort of played that card.

The kinds of sentences available, well, it could be a six-month sentence, a 12-month sentence, no sentence at all, put him back out there for additional assistance or it can be up to 24 months and no period of additional supervision.

The policy considerations of the guidelines, it is always very important. Obviously, I prefer a sentence usually within the guidelines because they're very well reasoned, it makes a lot of sense. It takes into consideration all the factors. . . .

The need to avoid unwarranted sentencing disparity, that's the best argument really for a sentence of 12 months as opposed to 24. . . . What can we do is we can provide something to protect the public. I have always been impressed with Mr. Jiles' basic abilities, that was true the first time, it has not changed; but there's something fundamentally different now that causes the court to be, based on this record, genuinely concerned about what is going on. . . .

I really think that there is some significant and somewhat additional period of incarceration is appropriate here.

## II. Analysis

A district court's revocation of supervised release is reviewed for an abuse of discretion. *United States v. Kirby*, 418 F.3d 621, 625 (6th Cir. 2005) "The

4

revocation of supervised release and imposition of imprisonment should be affirmed if the district court's decision 'shows consideration of the relevant statutory factors' and if the sentence imposed is not 'plainly unreasonable.'" *Id.* (citations omitted). We need not resolve the question of whether our review should be for "reasonableness" in light of *United States v. Booker*, 543 U.S. 220 (2005), as applying that standard would not impact our ruling. *See United States v. Williams*, No. 06-1492, 2007 WL 163012, at *2 (6th Cir. Jan. 23, 2007).

The defendant first argues that the district court erroneously considered an impermissible factor when determining his sentence. The factors a district court may consider when revoking a term of supervised release are found in 18 U.S.C. § 3583(e). The factors are cross references to the sentencing factors set out in § 3553, with one exception. Omitted from the list of permissible factors is the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553 (a)(2)(A).

As can be seen from the court's statements set out above, the court mentioned the seriousness of the offense one time in the midst of considering the permissible factors. Further, the nature and circumstances of the offense are factors the court may consider, and the court's mention of the seriousness of the offense related only to the violation that was before the court. Nothing the court said related in any way to the underlying offense and its seriousness.

The defendant's second argument is that the eighteen-month sentence is unreasonable in light of the advisory guideline range of six to twelve months. Again, referring to the district court's statements, it is evident that the court carefully analyzed the factors and applied them reasonably and appropriately. The court expressed its concern that the defendant was responding negatively to authority, which resulted in a misdemeanor for assault and the other violations, and found that this behavior justified the sentence imposed. Thus, the defendant's second argument must also fail.

**AFFIRMED**.