*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0310p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 06-6011

*v.*

TERRANCE L. LEWIS,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00099—Robert L. Echols, District Judge.

Argued: July 18, 2007

Decided and Filed: August 13, 2007

Before: MARTIN and McKEAGUE, Circuit Judges; GREER, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Anne-Marie Moyes, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. William L. Deneke, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Ronald C. Small, Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. William L. Deneke, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

McKEAGUE, Circuit Judge. Defendant appeals the revocation of his supervised release, arguing that the district court incorrectly interpreted the conditions of supervised release and relied on improper considerations in determining his sentence. For the reasons stated below, Defendant's conviction and sentence are affirmed.

## I. BACKGROUND

On September 5, 1995, Defendant Terrance Lamont Lewis pled guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was

_____

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

sentenced on November 30, 1995, by the United States District Court for the Middle District of Georgia to 137 months' imprisonment, followed by five years of supervised release. Among the "standard conditions" of supervised release the court imposed was that "the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer." Judgment of Nov. 30, 1995, at 3. On June 4, 1999, Defendant's sentence was reduced to 92 months by order of the court. Defendant began serving his supervised release term on October 26, 2001, in Tennessee; on June 5, 2003, jurisdiction over his supervised release was formally transferred from the Middle District of Georgia to the Middle District of Tennessee.

On February 16, 2006, the United States Probation Office filed a petition for summons of Defendant with the district court alleging that he had committed multiple violations of his supervised release. At a hearing on May 1, 2006, the district court held that Defendant had violated the conditions that he "notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer"; that he "submit a truthful and complete written report within the first five days of each month"; that he "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer"; and that he "permit the probation officer to visit him at home or elsewhere." Tr. at 60-63. Defendant was sentenced to six months of in-home detention, followed by twenty-four months of supervised release. He now appeals both the finding of violation and the sentence.

## II.  VIOLATION OF SUPERVISED RELEASE

This court reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005) (quoting *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994)). Defendant first disputes the district court's determination that he violated the supervision condition that he "permit a probation officer to visit him . . . at any time at home or elsewhere." Judgment of Nov. 30, 1995, at 3. The court found that he violated this condition because he expressly refused to give the probation officer the address at which his two daughters resided, and at which he spent up to several nights per week. Defendant points out that the statute listing discretionary conditions of probation[1] which the court "may" impose includes the condition that a defendant "permit a probation officer to visit him at his home or elsewhere *as specified by the court*." 18 U.S.C. § 3563(b)(16) (emphasis added). The 1995 sentence did not name any specific locations other than his home. Defendant argues, in essence, that the condition in his case should be read as if it included the italicized words even if it did not in fact include them; that if interpreted without the italicized words, the condition would have involved a "greater deprivation of liberty than is reasonably necessary" for the purposes of supervised release in violation of 18 U.S.C. § 3583(d)(2); and that because the original sentence did not specify any locations other than his home, he did not violate the condition by refusing to provide the probation officer with the address at which his daughters resided so that she could visit him there.

Defendant's arguments suffer from a number of flaws. Principally, as the government points out, Defendant is attempting to use this appeal of the revocation of his supervised release to challenge the reasonableness of his original sentence imposed in 1995. The proper vehicle for such a challenge, after the lapse of the ten-day period for filing a notice of direct appeal, Fed. R. App. P. 4(b)(1)(A), would be the habeas corpus procedure provided in 28 U.S.C. § 2255. As the Sixth Circuit has noted in unpublished cases, an appellant may not "attempt to invalidate his original conviction at a supervised release revocation hearing." *United States v. Meacham*, 65 F. App'x 529, 533 (6th Cir. 2003); *see also United States v. Flanory*, 45 F. App'x 456, 459 (6th Cir. 2002). We

---

[1]The statute providing mandatory and discretionary conditions of supervised release references the conditions of probation in 18 U.S.C. § 3563(b) as "further condition[s] of supervised release" that a court "may order." 18 U.S.C. § 3583(d).

are thus limited to reviewing the district court's determination that Defendant violated the condition at issue.

Defendant's citation to § 3563(b)(16) is not instructive with regard to the correct understanding of the supervision condition at issue here. As noted above, the discretionary supervision conditions in § 3563(b) are named in § 3583(d) as conditions that the court "may order" in addition to the mandatory supervised release conditions; a court may also order "any other condition it considers to be appropriate." 18 U.S.C. § 3583(d).[2] Thus, courts are not bound to adopt the discretionary considerations under the wording used in § 3563(b), and the district court need not have supposed that the words "as specified by the court" are therefore implicitly included in the condition in this case.

Moreover, the permit-to-visit condition on Defendant's supervised release does not appear to be taken from § 3563(b) at all. According to the policy statements regarding sentences of supervised release, several "'standard' conditions are recommended for supervised release." U.S.S.G. § 5D1.3(c). Among these is § 5D1.3(c)(10), "[T]he defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer." It is this version of the condition that was included in Defendant's 1995 sentence, as indicated by the fact that the condition includes the "and shall permit confiscation" clause, which appears in § 5D1.3(c)(10) but not § 3563(b)(16); the fact that the condition appears in Defendant's 1995 sentence under the heading "Standard Conditions of Supervision," consistent with the recommendation of § 5D1.3(c); and the fact that the visit condition appears in a list with the other standard conditions[3] recommended by § 5D1.3(c), almost verbatim. Unlike the discretionary condition in § 3563(b)(16), the condition in § 5D1.3(c)(10) does not contain the words "as specified by the court." The wording of the visit condition on Defendant's supervised release sentence thus was not only permissible, but identical to the wording of the standard condition provided in the Guidelines.

The question is therefore whether the requirement that the condition that Defendant "permit a probation officer to visit him . . . at any time at home or elsewhere," as written, was violated by Defendant's conceded refusal to give his probation officer the address at which his minor daughters resided, despite the fact that by his own admission Defendant spent as many as "several nights a week" there. Tr. at 51. Defendant contends in this regard that "or elsewhere" could be read to "allow the probation officer . . . to visit the subject wherever he or she pauses long enough to be visited; the officer could visit a traveling sales representative in her hotel room, could visit a vacationer at a family beach retreat, or could visit a subject at the homes of each and every acquaintance he visited." Appellant's Brief at 19. While these examples do not sound as unreasonable as Defendant doubtless means them to, especially in view of the requirement that Defendant permit the probation officer to visit "at any time," these sorts of visits are not at issue here. The only visits in which the probation officers in this case were interested were visits to Defendant's reported residence, to his workplace, and to the unreported address of his daughters at which he spent as many as half the nights in a week, and at which his probation officer believed he primarily resided. Notably, Defendant does not contend that it was unreasonable for probation officers to visit him at work, although his place of employment is not specified in the supervision conditions as a location at which he must permit visits.

---

[2] All conditions of supervised release, other than the mandatory conditions, must be consistent with the sentencing considerations laid out in § 3553(a)(1), and (a)(2)(B)-(D), "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in" § 3553(a)(2)(B)-(D), and be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d).

[3] Excepting the last two, which have to do with the payment of restitution, fines, or special assessments. U.S.S.G. § 5D1.3(c)(14), (15). Defendant's sentence included only an assessment of $50.

The district court explained that it found a violation of the visit requirement because "[w]here he physically is and allows himself to be visited is the importance of the requirement. And it frustrates the purpose of supervision when one does not allow himself or herself to be supervised except at his or her own choosing." Tr. at 63. This is consistent with what the Supreme Court has recognized to be the purpose of supervised release. The Court explained in *Johnson v. United States*, 529 U.S. 694, 708-09 (2000), that "[t]he congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." Supervised release is essentially rehabilitative, and is not intended for punishment. *Id.* at 709; *see also United States v. Page*, 131 F.3d 1173, 1184 (6th Cir. 1997) (quoting 1984 U.S.C.C.A.N. (98 Stat.) 3308). The transition to liberty is facilitated by "postconfinement assistance" such as, for example, a requirement that a subject "avoid possessing or transporting firearms." *United States v. Johnson*, 529 U.S. 53, 60 (2000).

The district court's determination that the condition that Defendant permit his probation officer to visit him "at home or elsewhere" required him to provide his secondary address and that his refusal to do so frustrated the purposes of supervision is a perfectly reasonable reading of the supervision condition and is consistent with the recognized purposes of supervision. The district court thus did not abuse its discretion in finding that Defendant violated the visit condition of his supervised release.

## III. APPROPRIATENESS OF SENTENCE

The Sixth Circuit has not yet determined whether sentences for violation of supervised release are to be reviewed under the "plainly unreasonable" standard the Circuit employed for these sentences before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), or the "unreasonableness" standard applicable to sentences under the Guidelines post-*Booker*. *See United States v. Yopp*, 453 F.3d 770, 772-73 (6th Cir. 2006); *United States v. Kirby*, 418 F.3d 621, 625 n.3 (6th Cir. 2005); *United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005). Instead, the court has held in particular cases that "[w]hether we apply a 'reasonableness' standard of review or a 'plainly unreasonable' standard, no error occurred." *See, e.g.*, *Johnson*, 403 F.3d at 817.

Under the pre-*Booker* standard for revocation sentences, "[a] district court's sentence of imprisonment upon revocation of supervised release should be affirmed 'if it shows consideration of the relevant statutory factors and is not plainly unreasonable.'" *Carr*, 421 F.3d at 429 (quoting *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)). Under the post-*Booker* standard for Guidelines-based (non-revocation) sentences, sentences must be both procedurally and substantively reasonable. Procedural reasonableness requires the sentencing court to consider "the applicable Guidelines range" and "the other factors listed in 18 U.S.C. § 3553(a)." *United States v. Esteppe*, 483 F.3d 447, 450 (6th Cir. 2007). "A sentence is substantively unreasonable if the district court 'selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (quoting *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)). In this case, as in *Johnson*, we do not reach the question of which standard applies to review of revocation sentences, as the district court did not err under either standard.

Defendant challenges the district court's sentence of six months of home detention and twenty-four months of supervised release following revocation of his supervised release. As the government notes, Defendant received a far lighter sentence than he might have under the advisory policy statements for violation of supervised release. Based on his criminal history, Defendant's policy statement range was five to eleven months of incarceration. U.S.S.G. § 7B1.4(a). The district court chose an imprisonment term at the low end of the policy statement range, and elected in its discretion under U.S.S.G. § 7B1.3(c)(1) to allow Defendant to serve the entire incarceration sentence

on home detention rather than in a correctional facility. Defendant argues, however, that the district court arrived at the sentence improperly because the court based its sentence in part on the goal of promoting respect for the law, and this is not one of the statutory factors to be considered.

The statute governing supervised release provides, "The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . ." 18 U.S.C. § 3583(e)(3). The factors cited are "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; the sentence ranges in the policy statements for violation of supervised release; other relevant policy statements regarding sentencing; "the need to avoid unwarranted sentence disparities"; and "the need to provide restitution to any victims of the offense." *Id.* § 3553(a). The only factors in § 3553(a) which § 3583(e) does not require to be considered upon violation of supervised release are (a)(3), "the kinds of sentences available," and (a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

In its written statement of reasons for imposing the sentence, the district court explained,

> The reasons for the sentence imposed are as follows: to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to provide an adequate deterrence to this Defendant and others from criminal conduct; and to protect the public from future crimes of this Defendant and of others who may participate in similar offenses.

Judgment of May 1, 2006, at 3. Of these five reasons, the first three clearly come from § 3553(a)(2)(A), which is not a factor listed for consideration in § 3583(e). Defendant contends that because this factor is not included in § 3583(e), a sentencing court "is prohibited from acting with [a] purpose" listed in § 3553(a)(2)(A). Appellant's Brief at 21. The question is therefore whether the consideration of a factor other than those enumerated in § 3583(e) renders a sentence unreasonable or plainly unreasonable.

This question has been previously raised in the Sixth Circuit in three unpublished cases. While these opinions have implicitly credited the argument that § 3553(a)(2)(A) may not be considered when sentencing a defendant for violation of supervised release, none of them have squarely held that consideration of that factor is unreasonable. In *United States v. Jiles*, No. 06-5832, 2007 U.S. App. LEXIS 8270, at *7 (6th Cir. Apr. 6, 2007), the court stated, "Omitted from the list of permissible factors [in § 3583(e)] is the need 'to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense'" enumerated in § 3553(a)(2)(A). The court simply held, however, that "the [district] court mentioned the seriousness of the offense one time in the midst of considering the permissible factors. Further, the nature and circumstances of the offense are factors the court may consider . . . ." *Id.* at *7-8. Thus, the court found no error because the information the district court considered could have been considered under § 3553(a)(1), which is listed in § 3583(e).

In *United States v. Henley*, 191 F. App'x 377, 381 (6th Cir. 2006), the "defendant argue[d] that the district court relied on § 3553(a)(2)(A), an unauthorized factor pursuant to § 3583(e)." However, the court did not address the question of whether § 3553(a)(2)(A) could be considered, and simply held that there was no error because the facts considered by the district court could also appropriately be considered under § 3553(a)(1) or § 3553(a)(2)(C). *Id.* at 381-82. In *United States*

*v. Morrow*, 207 F. App'x 591, 594 (6th Cir. 2006), the defendant also argued that the district court had "erroneously considered an impermissible factor," which there also was § 3553(a)(2)(A). Again, the court did not determine whether § 3553(a)(2)(A) could be considered, and held that the district court's explanation for the sentence "reflected appropriate rehabilitative considerations, not punitive ones." *Id.*

Of the other circuits which have addressed the question of whether factors not included in § 3583(e) can be considered, the Second has "interpret[ed] § 3583(e) simply as requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors," including § 3553(a)(2)(A). *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006). The Third Circuit referred to the *Williams* decision in a footnote without rejecting or adopting it. *United States v. Bungar*, 478 F.3d 540, 543 n.2 (3d Cir. 2007). By contrast, the Fourth Circuit has held that "in devising a revocation sentence the district court is not authorized to consider" § 3553(a)(2)(A). *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). Likewise, the Ninth Circuit held that "a sentence would be unreasonable if the court based it primarily on an omitted factor, such as a factor provided for in § 3553(a)(2)(A)." *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

We now adopt the Second Circuit's position. That is, we hold that it does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e). First of all, § 3583(e) provides merely that the court "may, after considering the [specified] factors . . . revoke a term of supervised release." It does not state that a court may revoke supervised release after "*only* considering" the enumerated factors. Second, the three considerations in § 3553(a)(2)(A), namely the need "to reflect the seriousness of the offense," "to promote respect for the law," and "to provide just punishment for the offense," are essentially redundant with matters courts are already permitted to take into consideration when imposing sentences for violation of supervised release.

First, as several cases have recognized, courts are already authorized to consider the seriousness of the offense under § 3553(a)(1), which requires consideration of "the nature and circumstances of the offense." *See, e.g.*, *Jiles*, 2007 U.S. App. LEXIS 8270, at *7-8; *Henley*, 191 F. App'x at 381-82; *United States v. Johnson*, 190 F. App'x 724, 726 (10th Cir. 2006). Second, in *Johnson v. United States*, the Supreme Court observed that "[a] violation of the terms of supervised release tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." 529 U.S. at 709 (holding that further supervised release may be ordered as a sentence for violation of supervised release). The "help" a further supervised release sentence provides to a defendant who has once violated supervised release is that he learn to obey the conditions of his supervised release – in other words, that he learn to respect the law.

Finally, in the official introduction to the policy statements regarding supervised release, the Sentencing Commission explains that "the sentence imposed upon revocation . . . [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision." 18 U.S.C. App'x § 3(b). Thus, although violations of supervised release generally do not entail conduct as serious as crimes punishable under the § 3553(a) regime, revocation sentences are similarly intended to "sanction," or, analogously, to "provide just punishment for the offense" of violating supervised release. Given that the three considerations in § 3553(a)(2)(A) are consistent with considerations already permissible for revocation sentences, the fact that § 3583(e) does not require that courts consider § 3553(a)(2)(A) does not mean that courts are forbidden to consider that factor, and the fact that a sentencing court does consider § 3553(a)(2)(A) is not error.

The sentence in this case was thus neither unreasonable nor plainly unreasonable. The district court sentenced Defendant toward the bottom of the policy statement range, exercised its

discretion to permit him to serve his incarceration sentence in home confinement so he could keep his job and continue to see his children, and based its sentence of further supervised release on the need for Defendant to learn to adjust to and abide by the terms of supervision. The district court took into consideration the policy statement range, Defendant's situation, including his work and family responsibilities, the nature of his violations and his behavior under supervision, and the need for him to learn to cooperate with supervision, and rendered a sentence that was carefully considered and commensurate with his violations.

## IV. CONCLUSION

For these reasons, the judgment of the district court is **AFFIRMED**.