**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4811**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CARL ANTONIO ROBINSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:06-cr-00012-NKM-2)

Submitted:  April 2, 2013              Decided:  April 9, 2013

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender for the Western District of Virginia, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Antonio Robinson appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months in prison. Robinson asserts that his sentence is procedurally unreasonable because the district court was not authorized under 18 U.S.C. § 3583(e) (2006) to consider, as it did, whether the sentence reflected the seriousness of the revocation offenses, promoted respect for the law, and provided just punishment. Having considered this argument, we affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory factors applicable to revocation sentences under § 3583(e) and 18 U.S.C. § 3553(a) (2006), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors applicable to supervised release revocation and explained its

2

reasons for the sentence imposed. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439-40. Section 3553(a)(2)(A) is not among the factors cited in § 3583(e) for consideration. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

Here, the district court did mention the § 3553(a)(2)(A) factors—the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"—in explaining the sentence imposed. But the court also specifically relied on other § 3553(a) factors—"the nature and circumstances of the offense and the history and characteristics of the defendant," and implicitly referenced the need to protect the public from Robinson's violent behavior. 18 U.S.C. § 3553(a)(1), (a)(2)(C). Thus, the district court's statement of reasons is not contrary to our decision in Crudup, 461 F.3d 439-40. The district court primarily based the revocation sentence on permissible factors, rendering the resulting sentence not plainly unreasonable. See United States v. Lewis, 498 F.3d 393, 399-400 (6th Cir. 2007)

3

(rejecting per se rule that consideration of § 3553(a)(2)(A) results in unreasonable sentence, plainly or otherwise, and instead interpreting § 3583(e) as requiring consideration of the enumerated factors in § 3553(a) without forbidding consideration of other relevant factors); United States v. Williams, 443 F.3d 35, 47-48 (2d Cir. 2006) (same); cf. United States v. Miqbel, 444 F.3d 1173, 1182-83 (9th Cir. 2006) (stating in dicta that, though it did "not suggest that a mere reference to promoting respect for the law would in itself render a sentence unreasonable," it could result in reversible error if the record failed to establish that permissible factors were properly considered and formed basis of sentence).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4