**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4406**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

JOSEPH IRA PATTERSON, III,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.　Robert C. Chambers,
Chief District Judge.　(3:05-cr-00196-1)

Submitted:　October 23, 2014　　　　Decided:　November 4, 2014

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D.
Byrne, Appellate Counsel, Mary Lou Newberger, Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant. R.
Booth Goodwin II, United States Attorney, Joseph F. Adams,
Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Ira Patterson, III, appeals from his thirty-month sentence entered pursuant to the revocation of his supervised release. On appeal, Patterson argues that his sentence is longer than necessary to address the purposes of supervised release, was improperly based upon the seriousness of his criminal conduct while on supervised release, and is, thus, plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In exercising its discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences." Webb, 738 F.3d at 641.

"Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)). In

2

determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) (2012) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a) (2012). One of the excluded factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A), Crudup, 461 F.3d at 439. We have recognized that "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Webb, 738 F.3d at 641. As long as a court does not base a revocation sentence predominately on the omitted § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id. at 642.

A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is *plainly*

3

unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Patterson argues that his sentence was longer than necessary, based in part on the fact that the district court placed undue weight on the seriousness of his armed robbery offense, which led to the revocation of his supervised release. In addition, Patterson avers that the district court failed to give appropriate consideration to the four years he spent in state prison for that offense. Because Patterson challenges the district court's reliance on an inappropriate factor and did not argue for a sentence below the Policy Statement range, review is for plain error. Webb, 738 F.3d at 640. Under plain error review, Patterson must show that (1) the court erred, (2) the error was clear or obvious, and (3) the error affected his substantial rights. Id. at 640-41. Even if Patterson meets his burden, we retain discretion to recognize the error and will deny relief unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks omitted).

In this instance, the district court directly addressed Patterson's argument that he had already been punished for the robbery by noting that Patterson had not yet served a sentence or otherwise been punished for violating the conditions of supervised release. The court observed that Patterson's

4

order of supervision specifically prohibited him from engaging in criminal conduct and that Patterson engaged in such conduct within a year of his release. The court also noted that Patterson had been given a lenient original sentence and that his breach of trust was very serious.

It is clear from the district court's statement that Patterson's breach of trust was the main reason that the district court imposed the sentence it did. Although the court did rely on the seriousness of Patterson's criminal conduct while on supervised release, this factor is essentially "redundant with matters courts are already permitted to take into consideration." United States v. Lewis, 498 F.3d 393, 400 (6th Cir. 2007). Further, the court's consideration of the seriousness of the crime was consistent with recognizing the magnitude of Patterson's breach of trust. See Webb, 738 F.3d at 642 (approving references to omitted sentencing factors that were related to references to permissible sentencing factors).

Thus, there was no error, much less plain error. Accordingly, we affirm Patterson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED