NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0539n.06

No. 17-4012

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 26, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | On Appeal from the United States |
| v. | ) | District Court for the Northern District |
| | ) | of Ohio |
| RUDOLPH RICHARD ALFORD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

**BEFORE: GUY, WHITE, and STRANCH, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant Rudolph Alford was sentenced to 36 months of imprisonment following the revocation of his term of supervised release. Alford argues on appeal that the district court's upward variance to the maximum permissible sentence was both procedurally and substantively unreasonable. After review of the record, the district court's reasons, and the arguments presented on appeal, we affirm.

**I.**

Alford was convicted in 1997 of two counts of possession with intent to distribute cocaine or cocaine base in violation of 21 U.S.C. § 841(a). Sentenced to a total of 262 months of imprisonment, Alford began serving a four-year term of supervised release on March 31, 2016. Almost one year later, Alford was arrested following the execution of a search warrant for the

house where he was residing at 103 East Warren Avenue in Youngstown, Ohio, on March 20, 2017.

The warrant arose from an investigation into drug trafficking from the East Warren Avenue address, which included three controlled buys of crack cocaine from an unnamed seller to a paid confidential informant during February and March 2017. The informant described the seller as a black male in his mid-60s who was 5' 7" and 250 lbs. with brown eyes and black hair. When the search warrant was executed, Alford and two others were detained outside, and four more people were found inside the residence. From the second floor bedroom, officers seized two digital scales with drug residue on them, $3,000 in cash in a garbage bag, a prison ID issued to Alford, and one piece of mail addressed to Alford. A small baggie of crack cocaine was also found in an enclosed rear porch of the house. Alford—a black male who was 65 years old, approximately 5' 7" tall, and weighed 248 lbs.—was the only individual present who fit the description provided by the informant. When Alford was arrested, $309 in cash and a food-stamp card that belonged to someone else were found in his pockets. State charges followed, and Alford pleaded guilty to attempted possession of cocaine and attempted trafficking in or illegal use of food stamps (both misdemeanors in the first degree).

Those plea-based convictions were the basis of Alford's admission that he violated the conditions of his federal supervision, as well as the district court's revocation of his supervised release. But when Alford argued that his conduct did not include selling crack cocaine to the informant, the district court expressed skepticism about the significance of Alford's guilty plea, indicated an intention to vary upward from the Guidelines range, and continued the hearing in order to receive evidence concerning the basis of the state charges. There was no dispute that, given Alford's admitted "Grade C" violation of supervised release and his criminal history

category of VI, the applicable policy-statement Guidelines range was 8 to 14 months of imprisonment. *See* USSG § 7B1.4(a) (Policy Statement). Because the underlying convictions included a class B felony, the statutory maximum prison sentence was three years. *See* 18 U.S.C. § 3583(e)(3).[1]

During the evidentiary hearing that followed, Officer Frank Bigowsky testified about his participation in the investigation; the details of the controlled buys between the confidential informant and the "John Doe" seller; and the execution of the search warrant at the East Warren address. The officer acknowledged that the informant was never asked to identify Alford and that the informant failed to mention the glasses, mustache, or bits of gray hair visible in the photograph taken of Alford at the time of his arrest. The officer reiterated that Alford was the only person present at the East Warren address who fit the informant's description of the seller. The evidence also included the photographs of all the people present when the warrant was executed at the East Warren address. No other witnesses testified.

To find by a preponderance of the evidence that Alford was selling crack cocaine from the East Warren address where he lived, the district court relied not only on the informant's physical description of the seller but also on the evidence of drug trafficking that was found with identification and mail belonging to Alford. Addressing the relevant sentencing factors, the district court emphasized Alford's extensive prior criminal history and the fact that Alford had returned to drug trafficking despite having served a lengthy sentence on his underlying drug convictions. Although reluctant to impose a long sentence on a man of Alford's age, the district court believed no other sanction would keep him from engaging in further drug trafficking.

---

[1]The government dismissed a second charged violation, which alleged that Alford was arrested in the presence of another convicted felon under federal supervision without approval from the probation officer.

Over defense counsel's objection, the district court sentenced Alford to a 36-month term of imprisonment without any further term of supervised release. This appeal followed.

## II.

A district court may revoke a defendant's term of supervised release and impose a new term of imprisonment as authorized by 18 U.S.C. § 3583(e)(3) (incorporating factors from 18 U.S.C. § 3553(a)). *See United States v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007). Sentences imposed upon the revocation of supervised release are reviewed for procedural and substantive reasonableness under the same abuse-of-discretion standard that applies to post-conviction sentences. *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

### A.     Procedural Reasonableness

Alford contends that his sentence is procedurally unreasonable because it was based on the district court's speculation as to the nature of the conduct that was the basis of his admitted violation of the conditions of his supervised release. *See United States v. Johnson*, 205 F.3d 1342 (6th Cir. 2000) (table) (vacating the sentence imposed upon revocation of supervised release because it was not clear the sentence was based solely on "admitted or proven facts"). In fact, unlike in *Johnson*, when Alford disputed the extent of the conduct that had been admitted by virtue of his guilty plea, the district court continued the hearing and received evidence from which the extent of the conduct could be determined. Rather than speculating, the district court found by a preponderance of the evidence that Alford had been selling crack cocaine from the East Warren address.

To the extent that Alford is challenging the district court's factual determination that the conduct involved drug trafficking, this court's review is for clear error. *Bolds*, 511 F.3d at 579 ("A district court necessarily abuses its sentencing discretion if it 'commit[s] [a] significant

procedural error, such as . . . selecting a sentence based on clearly erroneous facts[.]" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))). "A finding is clearly erroneous where, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (citation omitted). Alford argues that although his sex, race, age, height and weight fit the informant's description of the seller in the three controlled buys that preceded the search, the informant failed to mention Alford's glasses, mustache or that he had some gray hair and was balding on top, and that the government never confirmed that Alford was selling cocaine by asking the informant for confirmation or conducting DNA or fingerprint analysis on the contraband. The fact remains, however, that Alford closely matched the characteristics that were described while no one else who was at the residence did. Moreover, as the district court also emphasized, evidence of drug trafficking was seized from the second level bedroom where identification and mail belonging to Alford were also found. Given the lesser burden of proof required at sentencing, we cannot conclude that the district court's finding was clearly erroneous.

### B.      Substantive Reasonableness

"A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (citation omitted). Sentences within the Guidelines range are entitled to a presumption of substantive reasonableness on appeal, but a presumption of *un*reasonableness may not be applied to a sentence that falls outside the Guidelines range. *Gall*, 552 U.S. at 51. In reviewing for substantive reasonableness, we take into account the totality of the circumstances

and give due deference to the district court's decision that the sentence imposed is warranted in light of the relevant § 3553(a) factors. *Bolds*, 511 F.3d at 581 (citing *Gall*, 552 U.S. at 51).

Alford argues that his sentence was substantively unreasonable because: he had no compliance problems during the first eleven months of his supervised release; he was supporting himself with landscape work and Social Security benefits; he had successfully completed substance-abuse treatment; and he had no disciplinary problems during his lengthy incarceration. Notwithstanding those facts, the district court placed greater weight on the seriousness of his prior criminal history and the fact that he was not deterred from drug trafficking by his lengthy prior incarceration. The record reflects that the district court considered the Guidelines range, the nature and circumstances of the violation, and what sentence was necessary to provide adequate deterrence and protect the public from further criminal activity. Taking into account the totality of the circumstances and giving deference to the district court's assessment that an upward variance was warranted in light of the § 3553(a) factors, Alford's sentence was not substantively unreasonable.

**AFFIRMED**.