NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0038n.06
No. 19-5450

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jan 23, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GREGORY P. PRITCHETT, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BATCHELDER, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Gregory Pritchett appeals his sentence for violating the terms of his supervised release, arguing that his sentence is substantively unreasonable. For the reasons stated, we AFFIRM.

I.

In 2007, Pritchett pleaded guilty to possessing a firearm as a felon; for this crime, he was sentenced to 84 months' imprisonment, followed by 5 years' supervised release. Pritchett was released from prison in 2014. Four years later, he was indicted on four counts of distributing heroin and/or fentanyl and one count of possessing a firearm as a felon. Pritchett pleaded guilty to possessing a firearm as a felon in exchange for the dismissal of the drug charges. He was sentenced to 188 months' imprisonment on the firearm count, followed by 5 years' supervised release. Pritchett also admitted that his possessing a gun and committing another federal crime constituted a Grade A violation of the terms of his supervised release. *See* U.S.S.G. § 7B1.1(a)(1).

For violating the supervised-release terms, the district court sentenced Pritchett to a within-Guidelines sentence of 54 months, to run consecutively to his 188-month sentence on the firearm charge. Pritchett appeals his sentence, arguing only that the 54-month sentence was substantively unreasonable.

## II.

A challenge by the defendant to the substantive reasonableness of a sentence focuses on whether the sentence is too long. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). It is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* While a district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2)," 18 U.S.C. § 3553(a), our task on review is different—we "must determine whether a different sentence is required." *United States v. Reilly*, 662 F.3d 754, 761 n.3 (6th Cir. 2011) (quotation marks omitted). We review for an abuse of discretion. *Rayyan*, 885 F.3d at 442.

Pritchett faces a heavy burden in showing that his sentence was too long. Sentences within the Guidelines range are presumed reasonable. *United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011). Pritchett's 54-month sentence fell at the lower end of his Guidelines range of 51 to 60 months.

Although Pritchett had asked for a sentence below the Guidelines, the district court concluded that a sentence within the Guidelines was warranted. The court noted that Pritchett had "a history of violating conditions of probation" and that Pritchett had "committed the violations relatively promptly" after being released from prison. The court recognized that even the Guidelines range did not account for the fact that Pritchett was "also selling personal use amounts of heroin and fentanyl." Finally, the district court noted that the reasons justifying the firearm

sentence also supported the supervised-release sentence. Among those reasons were Pritchett's lengthy criminal history, which reflected his continued, poor decision-making, and the need to protect the public, given Pritchett's "history of violating conditions of release." At the same time, the district court also considered the factors in Pritchett's favor, including his family support. In sum, the district court did what it was supposed to do when crafting a sentence—it "properly considered all of the factors, balanced them, and imposed a reasonable sentence." *Rayyan*, 885 F.3d at 443.

Pritchett's arguments to the contrary fail to persuade. He argues that the sentence was longer than necessary to protect the public. But, as the district court recognized, prior stints of supervised release had failed to deter Pritchett from committing further crimes. The district court was free to believe that this time would be no different and that, therefore, a sentence within the Guidelines was appropriate. For related reasons, we are not convinced by Pritchett's argument that the combined sentence of 242 months for his underlying conviction and the supervised-release violation was beyond what was necessary for "just punishment." Both sentences were near the bottom of the Guidelines, and Pritchett offers no reason why the district court was required to go lower. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009). Finally, Pritchett argues that supervised release is a rehabilitative measure, but that his 54-month sentence serves no rehabilitative purposes. Pritchett misunderstands the effect of his violating the supervised-release terms. While he is right that "[s]upervised release is essentially rehabilitative, and is not intended for punishment," *United States v. Lewis*, 498 F.3d 393, 397 (6th Cir. 2007), Pritchett failed to comply with those rehabilitative measures by possessing a gun and distributing drugs. In such a situation, Congress afforded the district court discretion to revoke the terms of Pritchett's supervised release and sentence him to a term of imprisonment, *see* 18 U.S.C. § 3583(e)(3), and

we see no abuse of discretion in the district court's decision here. For these reasons, Pritchett has not overcome the presumption that his sentence is substantively reasonable. *See Mosley*, 635 F.3d at 865.

* * *

We AFFIRM.