NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0148n.06

No. 22-3715

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 30, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| ALEXANDRO RIVERA, aka Alexandro Toledo-Rivera, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, LARSEN, and NALBANDIAN, Circuit Judges.

LARSEN, Circuit Judge. While on supervised release, Alexandro Rivera brutally assaulted his ex-girlfriend and threatened to "shoot up" her friend's house while she was inside it. Rivera pleaded guilty to attempted burglary and domestic violence in state court, for which he served eighteen months in prison. Once Rivera completed that sentence, he was transferred to federal custody, where he admitted to committing the crimes and thus violating the terms of his supervised release. For the supervised-release violation, the district court sentenced Rivera to twenty months in prison. In weighing the sentencing factors, the district court considered "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Rivera argues that was error, citing 18 U.S.C. § 3583(e), which lists certain factors the court may consider when sentencing for a supervised-release violation but doesn't specifically enumerate § 3553(a)(2)(A). This court has expressly rejected that argument in a published opinion, "hold[ing] that it does not constitute

reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e)." *See United States v. Lewis*, 498 F.3d 393, 399–400 (6th Cir. 2007). Rivera acknowledges this but argues that *Lewis* was wrongly decided. *Lewis*, however, binds us. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Because *Lewis* forecloses Rivera's only argument on appeal, we AFFIRM his sentence.