**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0640n.06

Case No. 19-6494

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CURTIS JORDAN, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Nov 10, 2020
DEBORAH S. HUNT, Clerk

**BEFORE:  COLE, Chief Judge; DONALD and READLER, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.**  In this matter, we ask whether the district court imposed a procedurally or substantively unreasonable sentence when it sentenced Defendant-Appellant Curtis Jordan ("Jordan") to 21 months' imprisonment after a series of supervised release violations.  It did not.  Accordingly, we AFFIRM that sentence.

**I.**

In 2011, Jordan plead guilty to conspiracy to commit wire fraud, and the district court sentenced Jordan to thirty-three months' imprisonment followed by three years of supervised release.  On June 13, 2018—nearly five months after his initial release—Jordan admitted to violating conditions of his supervised release by failing to reside at a halfway house for three months and failing to pay restitution.  The district court sentenced Jordan to eleven months' imprisonment with two years of supervised release to follow.

Upon his subsequent release, the violations continued. In July of 2019, police arrested Jordan for alcohol intoxication in a public place. The Probation Office issued a violation report noting three Grade-C violations: commission of a crime, failure to abstain from alcohol, and failure to notify his probation officer of his arrest within 72 hours. At an August 6, 2019 hearing, Jordan admitted to the violations and requested leniency, noting to the district court that between the violation date and the hearing date, Jordan's "life has actually been going in the right direction." The district court decided to delay the final portion of the hearing to November, finding that "work has been good for [Jordan]" and explaining that "hopefully he realizes what he's putting at risk he if returned back to bad behavior. Because if he does, with another violation, he's going to lose all the things that he's made to this point."[1] By November, the district court hoped, Jordan "will be able to demonstrate whether he's serious about this or whether he's going to return to his bad behavior. So, if he returns to his bad behavior, then I think he'll know what he can expect in terms of punishment." The district court reiterated that Jordan has "been given a few breaks here" but that "I'm going to give him another one. I'm going to give him a break to show that he can turn things around, he can be successful." The district court did warn Jordan, however, that "if you choose not to do that, it's not on anybody's shoulders but your own."

Jordan continued to violate his supervised release. An addendum to his supervised release violation report from July shows that on September 13, 2019, police charged Jordan with alcohol intoxication and drinking an alcoholic beverage in a public place. The following day, police arrested Jordan again, this time for alcohol intoxication in a public place and criminal trespassing. As with the July violations, the Probations Office noted three violations for each day, totaling six additional violations: commission of a crime, use of alcohol, and failure to report an arrest.

---

[1] At that hearing, the district court did not rely on Jordan's significant criminal history, calculated at 32 points.

Jordan appeared again before the district court on December 17, 2019. Jordan did not enter any plea as to the six new allegations from September; instead, the district court proceeded to sentencing on the July violations. The district court noted that "alcohol has been a demon for [Jordan] for a long time, and [there is] no indication that that's going to end." The court explained that it would go above the guideline range (8–14 months) but not to the statutory penalty of 24 months. The court imposed a sentence of 21 months, noting that although that is above the guidelines range, the sentence "take[s] into account the defendant's conduct for the initial violations and then his failure to conform his conduct, which he asked the Court to consider." The sentence, the judge articulated, "reflect[s] the defendant's continuing lack of respect for the law, continuing violations, his history and characteristics, the need to provide deterrence, specific deterrence, to him, and the corresponding need to protect the public." Additionally, the court found that "[u]nder the facts of the case and based on the nature of the violations," no further supervision was appropriate. Thereafter, Jordan timely appealed.

**II.**

Jordan challenges both the procedural and substantive reasonableness of his sentence. As to procedural reasonableness, Jordan asserts that the district court did not consider the nature of the original offense but instead looked at the nature of the supervised release violations during the continuance of the sanctions portion of the revocation proceedings, i.e., the September violations. Additionally, Jordan argues that the district court sentenced him "more out of frustration with his lack of progress in getting his alcoholism under control" than on the original offense. As to substantive reasonableness, Jordan argues that the district court considered impermissible factors and gave unreasonable weight to others, resulting in a substantively unreasonable sentence considering the totality of the case. The government responds that Jordan merely presents a

disagreement with the district court's weighing of the sentencing factors, which is beyond the scope of our review.

## A. Procedural Reasonableness

We typically review a sentence for procedural reasonableness under a "deferential abuse-of-discretion" standard. *United States v. Jeter*, 721 F.3d 746, 755 (6th Cir. 2013). However, if a sentencing judge asks if there are any objections and the relevant party does not object, plain error review applies. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008); *see also United States v. Simmons*, 587 F.3d 348, 357-58 (6th Cir. 2009). The district court here asked Jordan's counsel if there were any objections or requests for additional findings, to which counsel responded "[n]o requests and no objections." We therefore review for plain error. Under that standard, Jordan must show "(1) error, (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted). Such a finding, we have said, will exist "[o]nly in exceptional circumstances . . . where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). The procedural reasonableness standard "requires us to ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other 18 U.S.C. § 3553(a) factors as well as [arguments for a sentence outside the range]; and (3) adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Dunnican*, 961 F.3d 859, 880 (6th Cir. 2020) (citing *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018)).

Jordan's primary assertion is that the district court sentenced Jordan based on his supervised release violations—and frustration stemming from those violations—rather than on the basis of the original offense. The Supreme Court in *Johnson* made clear that post-revocation

sanctions must be punishment for the original offense and not the supervised release violations, as "serious constitutional questions . . . would be raised by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release." *Johnson v. United States*, 529 U.S. 694, 700 (2000). Jordan thus asserts that the district court "did not consider the circumstances of the original offense," i.e., the wire fraud, "but rather Mr. Jordan's conduct during the continuance of the sanctions portion of the revocation hearing." Indeed, Jordan asserts, "the record appears void of any reference to Mr. Jordan's original offense."

At the December 17, 2019 sanctions hearing, the district court explained:

> I'm going to impose a penalty of 21 months in this particular case of incarceration. It is seven months above the guideline range, but it does take into account the defendant's conduct for the initial violations and then his failure to confirm his conduct, which he asked the Court to consider. . . . I think that the penalty does reflect the defendant's continuing lack of respect for the law, continuing violations, his history and characteristics, the need to provide deterrence, specific deterrence, to him, and the corresponding need to protect the public.

Additionally, in explaining why the district court did not impose any further supervised release, the court explained that "[u]nder the facts of the case and based on the nature of these violations, I agree with the parties that no further supervision is appropriate in this particular case. Because of the nature of the violations, I wouldn't want to continue to penalize this defendant." The district court noted that a state court would be more appropriate to address the type of violation Jordan continued to commit.

Jordan has not shown an error that was obvious or clear, affected his substantial rights, and affected the fairness, integrity, or public reputation of the proceedings. *Vonner*, 516 F.3d at 386. The district court explained that the sentence reflected various factors including Jordan's "history and characteristics." While the district court could have clarified that his consideration of Jordan's "history" referred to the original offense, the "failure to fully *explain* the extent of [the district

court's] consideration of sentencing factors" does not rise to the level of plain error. *United States v. Houston*, 529 F.3d 743, 751 (6th Cir. 2008).[2] Further, the district court was clear that its sentence reflected punishment for the violation of supervised release rather than the specific violative offenses; that is to say, the district court did not impose punishment based on the specific violations, e.g., public consumption of alcohol, but rather the fact that Jordan violated his supervised release in the first place. To do so is not plain error, as revocation sentences themselves are intended to "sanction" or to "provide just punishment for the offense of violating supervised release." *United States v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007). This is not one of those "exceptional circumstances" that mandates reversal and resentencing under plain error review. *Vonner*, 516 F.3d at 386.

## B. Substantive Reasonableness

We review a claim of substantive unreasonableness under an abuse of discretion standard, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51-53 (2007).[3] We must give "due deference" to the district court's conclusion that the § 3553(a) factors warrant the sentence imposed. *Dunnican*, 961 F.3d at 880 (citing *Gall*, 552 U.S. at 51). In general, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. The focus of our evaluation is on "whether

---

[2] In discussing that the district court would not impose additional supervised release, the district court noted that "[u]nder the facts of the case and based on the nature of the violations, I agree with the parties that no further supervision is appropriate in this particular case. Because of the nature of the violations, I wouldn't want to continue to penalize this defendant." Though not specifically referencing the imposition of the reincarceration, the district court here distinguished between (1) the facts of the case, i.e., the original offense and (2) the violations, i.e., the supervised release violations.

[3] Unlike procedural reasonableness, defendants need not raise a substantive reasonableness claim before the district court to preserve that claim for appeal. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008).

the length of the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553." *Dunnican*, 961 F.3d at 880 (citing *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010)).

Jordan here claims that his sentence was substantively unreasonable because "the district court based its sentence on . . . impermissible factors and gives unreasonable weight to others." First, as to the consideration of an impermissible factor, Jordan claims the district court's "belief that a state court could better address a defendant's substance abuse is not a permissible factor for sentencing." The district court's consideration of the appropriateness of state courts addressing any future violations, however, arose only in the court's explanation for why it did *not* impose additional supervised release after the re-imprisonment. Any consideration of that factor, then, could not have made Jordan's sentence substantively unreasonable. Second, Jordan claims that the district court did not properly rely upon Jordan's criminal history in justifying its sentence and "makes no specific reference to his criminal history category as being inadequate." The record belies this assertion. The district court references Jordan's 32 criminal history points and later references Jordan's "history," "continuing lack of respect for the law," and the need to provide deterrence—both specific and general—and to protect the public.

Finally, Jordan argues that the violations were low level and reflect a substance abuse relapse that did not justify the sentence imposed. The district court did consider Jordan's struggles with alcohol; in the initial August hearing, the district court repeatedly mentioned Jordan's battle with alcohol and explicitly afforded him "a break to show that he can turn things around" by continuing the sanctions portions of the revocation hearing. In December, the district court again noted that "alcohol has been a demon for [Jordan] for a long time, and [there is] no indication that that's going to end." The district court therefore did consider—repeatedly—Jordan's substance

abuse issues. Jordan's arguments, at best, are that the district court did not properly weigh that factor, but an assertion that a district court did not properly balance sentencing factors is "beyond the scope of our appellate review." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Because Jordan's sentence—21 months with no supervised release—was both procedurally and substantively reasonable, we AFFIRM that sentence.