RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0273p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT



UNITED STATES OF AMERICA,

     *Plaintiff-Appellee*,

  *v.*

EDGARDO ESTERAS,

     *Defendant-Appellant*.

No. 23-3422

On Petition for Rehearing En Banc

United States District Court for the Northern District of Ohio at Youngstown.
No. 4:14-cr-00425-10—Benita Y. Pearson, District Judge.

Decided and Filed: December 20, 2023

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

_____

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:** Christian J. Grostic, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. **ON RESPONSE:** Matthew B. Kall, Jason Manion, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

   The court issued an order denying the petition for rehearing en banc. MOORE, J. (pp. 3–9), delivered a separate opinion dissenting from the denial of the petition for rehearing en banc. GRIFFIN, J. (pp. 10–11), also delivered a separate opinion, in which BLOOMEKATZ, J., joined, dissenting from the denial of the petition for rehearing en banc.

_____

**ORDER**

_____

The court received a petition for rehearing en banc. The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision. The petition then was circulated to the full court. Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting from denial of rehearing en banc.[1] The top line of any sentence is generally the term of incarceration. What catches the eye is how long the defendant will be in prison, not how long the defendant will remain under court supervision. But in the federal system, supervised release—the often years' long period of court supervision and restrictions following incarceration—comes with the specter of more time in a cell. Judges may "revoke" a defendant's supervised release if a defendant violates court-ordered conditions, sending the defendant back to prison for months or possibly years. After Edgardo Esteras spent twelve months in federal prison on his original term of incarceration, the judge in his case sentenced him to 24 *more* months in prison—double his original sentence—for violating conditions of supervised release. R. 439 (Revocation Tr. at 85:13–21) (Page ID #2887).

Revocation of supervised release is immensely impactful, and sometimes carries consequences even greater than an original term of incarceration. In sentencing Esteras after revoking his supervised release, the district court focused on the retributive purpose of the additional term of incarceration. *See, e.g.*, *id.* at 81:17–22 (Page ID #2883) (explaining what information can be considered "in the *punishment* I will issue today" (emphasis added)); *id.* at 83:9–11 (Page ID #2885) ("[W]hat's been done before isn't sufficient enough to deter you, to encourage you to be *respectful of the law*, to be law-abiding." (emphasis added)). But the supervised-release statute tells district courts not to consider punishment as a purpose when imposing or revoking supervised release. When defense counsel objected to the district court's

———————————

[1]The court received a petition for rehearing en banc concerning the original order in this case, which followed binding Sixth Circuit precedent. The petition for rehearing en banc was circulated to the entire court, and less than a majority of the judges voted in favor of rehearing the original order en banc. Following circulation to the full court of the en banc petition, however, the panel revised its prior order and circulated it to the en banc court. En banc rehearing of the prior order was warranted, which is why I dissent from denial of rehearing en banc. And en banc rehearing remains warranted now that the panel is issuing an amended order, because that revised decision likewise relies on the same mistaken precedent. Because both the original and revised orders rely on *United States v. Lewis*, 498 F.3d 393 (6th Cir. 2007), I have addressed both in this dissent from denial of rehearing en banc. Esteras is of course free to petition for en banc rehearing again, now that the panel has filed a revised and published decision.

impermissible consideration of certain statutory factors embodying retributive purposes, the district court confirmed that it relied heavily on "promot[ing] respect for the law" in reaching its sentence, which represented an upward variance. *Id.* at 92:16–18 (Page ID #2894). In effect, there is a real chance that Esteras was essentially punished twice, raising concerns of a constitutional dimension and flagrantly violating Congress's intent in any event. Our precedent that allows district courts to consider unenumerated sentencing factors when revoking supervised release, *United States v. Lewis*, 498 F.3d 393 (6th Cir. 2007), relies on atextual reasoning directly contrary to Congress's purposes. It is an outlier among the circuits. Our failure today to correct *Lewis*'s basic mistakes usurps Congress's role, runs afoul of rudimentary principles of statutory interpretation, and ultimately undermines the purposes of supervised release. Today's decision in this case serves only to prolong our unfortunate adherence to a mistaken precedent.

Today's opinion defends *Lewis* on two grounds: "one textual, [and] one contextual." Amended Order at 5. Neither ground supports *Lewis* or today's decision. The statutory text is clear. It directs district judges to take account of certain sentencing factors, but not others, when revoking supervised release. Under 18 U.S.C. § 3583(e), a court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," terminate, modify, extend, or revoke a defendant's term of supervised release. Notably absent from this list is § 3553(a)(2)(A), which directs district courts to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Canons of statutory construction dictate that this omission was intentional and command district courts not to take account of the (a)(2)(A) factors when revoking supervised release. *See, e.g., Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (declining to extend Rule 9(b)'s pleading requirements to complaints alleging municipal liability because "the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability"); *id.* ("*Expressio unius est exclusio alterius.*"); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and

purposely in the disparate inclusion or exclusion." (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))).

Simply put, *Lewis* and today's opinion offer no explanation for why Congress deliberately chose to include some, but not all, of the § 3553(a) factors in § 3583(e). Today's opinion declares that § 3583 "generally gives courts considerable discretion over supervised-release decisions after considering the listed factors." Amended Order at 5 (citing *Lewis*, 498 F.3d at 400). But neither *Lewis* nor the instant opinion can ground this contention in the statutory text. Rather, § 3583(e) explicitly *constrains* the exercise of discretion, directing district courts to focus on only the enumerated factors. Had Congress wished for district courts to consider the § 3553(a)(2)(A) factors, it would have made § 3583(e) coterminous with § 3553(a). Congress did not. *See Azar v. Allina Health Servs.*, 587 U.S. ----, 139 S. Ct. 1804, 1813 (2019) (explaining that courts should not rely on the "doubtful proposition that Congress sought to accomplish in a 'surpassingly strange manner' what it could have accomplished in a much more straightforward way" (quoting *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 647 (2012))).

The context follows from the text. In *Tapia v. United States*, the Supreme Court explained that 18 U.S.C. § 3553(a)(2)(A)–(D) reflects "the four purposes of sentencing generally": "retribution, deterrence, incapacitation, and rehabilitation." 564 U.S. 319, 325 (2011). The statute's "provisions make clear that a particular purpose may apply differently, or even not at all, depending on the kind of sentence under consideration." *Id.* at 326. Following the statute's plain text, "a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Id.* Section § 3583(e), which pertains to revoking supervised release, is the mirror-image of § 3583(c), which pertains to imposing a term of supervised release. It follows that both subsections direct district courts not to consider retribution when imposing or revoking supervised release.

Faced with this obvious hurdle, today's decision attempts to rewrite *Tapia*. Of course, I need not put much gloss on what Justice Kagan straightforwardly said in that opinion: a district court cannot rely on the § 3553(a)(2)(A) factors when making decisions concerning supervised release. *Tapia*, 564 U.S. at 326. Today's decision attempts to skirt this plain statement through

two paragraphs of explanation of what Justice Kagan supposedly must have meant. I, like Justice Kagan, prefer to rely on the actual text of the statute. In any event, today's attempt to square what the district court did with *Tapia* is futile. For one, today's opinion gets its facts wrong. It says in conclusory words that no one has shown that the district judge let retribution guide the decision. Amended Order at 7. Most obviously, Esteras has. Pet. Rehearing En Banc at 10 ("The district court expressly relied on the section 3553(a)(2)(A) factors—specifically, *the need to punish* and to promote respect for the law—when revoking Esteras' supervised release." (emphasis added)). And this assertion of the panel is belied by the plain words the district court used in the proceeding, which sounded in retribution. Like its take on *Tapia*, today's decision would rather reconceptualize the very words the district court used—"punishment" and "punitive"—and chalk them up to "set[ting] the stage" rather than an error on the part of the district court. Of course, "setting the stage" by thinking of the sentence in terms of punishment is precisely what a district court must not do per the text of the statute. To the extent that *Tapia* explains that taking the § 3553(a)(2)(A) factors into account *necessarily* means taking retribution into account, today's decision's myopic focus on a word here or there entirely misses the point.

*Tapia* is also instructive on statute-drafting more broadly. But once again, today's decision would rather ignore its clear import. Today's decision suggests that unless Congress enacts a separate statutory provision forbidding district courts to take account of certain factors, as it did in § 3582(a), the purposeful omissions in § 3583(c) and (e) are meaningless. Yet Congress can accomplish its statutory purposes in a variety of ways, as *Tapia* recognizes. Again, the only understanding of § 3583(e) that gives effect to its plain text is that explained by *Tapia*.

That retributive concerns are not to be taken into account reflects Congress's judgment of the purpose of supervised release. The relevant legislative history explicitly states that "the sentencing purposes of incapacitation and punishment would not be served by a term of supervised release—that the primary goal of such a term is to ease the defendant's transition into the community." S. Rep. No. 98-225, at *124 (1983); *see also Johnson v. United States*, 529 U.S. 694, 708–09 (2000) (citing the Senate Report and discussing the purpose of supervised release). By contrast, taking the retributive § 3553(a)(2)(A) factors into account when imposing or revoking supervised release contravenes this congressional purpose and also creates "serious

constitutional questions . . . by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release." *Johnson*, 529 U.S. at 700. The Sentencing Guidelines confirm this understanding: revocation of supervised release is not meant to "substantially duplicate the sanctioning role of the court with jurisdiction over a defendant's new criminal conduct," but instead to "sanction primarily the defendant's breach of trust." U.S. Sent'g Guidelines Manual Ch. 7A Intro. (U.S. Sent'g Comm'n 2023).

No doubt, there is some level of overlap between the factors district courts must consider when revoking supervised release, and those that a district court cannot consider. *See Lewis*, 498 F. 3d at 400 (explaining that a district court likely takes into account the seriousness of an offense when considering the nature and circumstances of the offense). But today's opinion treats this reality—that there is some degree of overlap—as a virtue, manifestly dishonoring Congress's decision to omit the § 3553(a)(2)(A) factors from consideration. Amended Order at 6 ("To think about the one requires the judge to think about the other."); *id.* ("To neglect the one dishonors the other."). That a district court may consider, to *some* degree, the seriousness of the offense, however, does not justify allowing district courts to disregard Congress's mandate that retributive concerns should not influence the overall sentence. Put differently, the overlap problem first identified by *Lewis* is exaggerated to the extent that a district court can avoid running afoul of the statute by avoiding viewing revocation of supervised release as retribution.

Perhaps recognizing the futility of any text-based argument, today's decision reinvents the overlap argument in the form of a strawman. It suggests that Congress cannot possibly have meant that district courts should not rely on the § 3553(a)(2)(A) factors when revoking supervised release, because "Congress requires courts to consider the same set of factors when first imposing a term of supervised release as when revoking one." Amended Order at 6. Per today's decision, district courts would be forced to "adjourn the hearing after imposing a[n] [initial] sentence" and "start over with a new unblemished inquiry into the right term of supervised release" so as to not mistakenly consider the § 3553(a)(2)(A) factors. *Id.* This argument is disingenuous. What the statute requires is that district courts not view supervised release as an additional punishment, and that district courts adjust their rationale and

considerations accordingly when imposing or revoking supervised release. The district court manifestly failed to do that here.

What is more, some degree of overlap cannot explain away Congress's explicit choice to omit certain sentencing factors from consideration when revoking supervised release. In this way, the analyses of *Lewis* and today's opinion are self-defeating. If Congress believed that courts would inevitably consider the § 3553(a)(2)(A) factors when revoking supervised release, it would not have omitted such factors from § 3583. *Lewis*, 498 F.3d at 400. The same is true if Congress affirmatively wanted district courts to consider such factors. *Id.* at 399–400. Regardless, bare judicial pragmatism cannot overcome the plain text of the statute, which directs district courts not to take retributive sentencing factors into account. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011) ("[C]onsiderations of policy divorced from the statute's text and purpose could not override its meaning.").

Beyond these fundamental errors, en banc reconsideration is warranted because the Sixth Circuit's approach is an outlier among the circuit courts. *Lewis* and today's opinion are entirely untethered from the statutory text, and it would appear that they allow a district court to rely *exclusively* on the § 3553(a)(2)(A) factors when revoking supervised release. *Lewis*, 498 F.3d at 399–400 (holding "that it does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e)"). In other words, our cases contain no limits and allow district courts to disregard § 3583(e) *in toto*. Though there is a circuit split on this issue, most circuits would find that a revocation of supervised release principally based on the § 3553(a)(2)(A) factors is procedurally unreasonable. *See, e.g.*, *United States v. Booker*, 63 F.4th 1254, 1260 (10th Cir. 2023) ("[I]t is procedural error to consider an unenumerated [§ 3553(a)(2)(A)] factor."); *United States v. Miqbel*, 444 F.3d 1173, 1182–83 (9th Cir. 2006) (holding that "mere reference" to unenumerated § 3553(a)(2)(A) factors would not be reversible error, but that further consideration of such factors when revoking supervised release is procedurally unreasonable); *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) ("[A] sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence."); *United States v. Young*, 634 F.3d 233, 241 (3rd Cir. 2011) (recognizing that consideration of

unenumerated § 3553(a)(2)(A) factors would not be reversible per se error, but that "there may be a case where a court places undue weight on the" § 3553(a)(2)(A) factors); *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013) ("[A]lthough a district court may not impose a revocation sentence based predominately on the [§ 3553(a)(2)(A) factors], we conclude that mere reference to such considerations does not render a revocation sentence procedurally unreasonable."); *United States v. Clay*, 752 F.3d 1106, 1108 (7th Cir. 2014) ("[W]e now join the majority of circuits that have faced this issue and rule that this subsection [§ 3553(a)(2)(A)] may be considered so long as the district court relies *primarily* on [enumerated] factors." (emphasis added)). *Lewis* appears expressly to adopt punishment as a valid rationale for revoking supervised release, directly contrary to the statute and Congress's intent. 498 F.3d at 400 ("[A]lthough violations of supervised release generally do not entail conduct as serious as crimes punishable under the § 3553(a) regime, revocation sentences are similarly intended to 'sanction,' or, analogously, to 'provide just punishment for the offense' of violating supervised release.").

*Lewis* and today's decision bulldoze over each and every indication of congressional intent available in favor of an explicitly policy-driven outcome. That includes plain text, legislative history, and information from the Sentencing Commission. "[D]eference to the supremacy of the Legislature, as well as recognition that Congress[members] typically vote on the language of a bill, generally requires us to assume that 'the legislative purpose is expressed by the ordinary meaning of the words used.'" *United States v. Locke*, 471 U.S. 84, 95 (1985) (quoting *Richards v. United States*, 369 U.S. 1, 9 (1962)). Here, this deference requires that district courts honor Congress's explicit choice that supervised release not be an additional punishment, and that district courts adjust their rationale and considerations accordingly. The district court failed to do that here. It plainly viewed revocation of supervised release as punishment, and sentenced Esteras to 24 months' imprisonment based on impermissible sentencing factors. R. 439 (Revocation Tr. at 81:17–22, 83:9–11, 85:13–21) (Page ID #2883, 2885, 2887). Because our precedent mistakenly allows a district court to do so, I respectfully dissent from the denial of rehearing en banc in this case.

———————————————

**DISSENT**

———————————————

GRIFFIN, Circuit Judge, dissenting.

I respectfully dissent from the denial of the Petition for Rehearing En Banc. I would grant the petition because the question raised is of exceptional importance warranting consideration and decision by our En Banc Court after full briefing and argument. Fed. R. App. P. 35(a)(2).

Under *United States v. Lewis*, district courts may revoke supervised release—and impose more prison time—for the purpose of punishment, a consideration ostensibly prohibited by the statutory text. 498 F.3d 393, 399–400 (6th Cir. 2007); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," revoke a term of supervised release); *Tapia v. United States*, 564 U.S. 319, 326–27 (2011) (explaining that 18 U.S.C. § 3553(a)(2)(A–D) reflects "the four purposes of sentencing generally" and that § 3553(a)(2)(A) reflects the purpose of punishment).

*Lewis*'s holding has enormous consequences for the liberty of hundreds of defendants within our circuit who are sentenced every year for violating supervised-release conditions. *See* U.S. Sent'g Comm'n, *Federal Probation and Supervised Release Violations*, 51–52 (July 2020), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200728_Violations.pdf (reflecting an average of 1,685 probation and supervised-release violations each year in district courts within the Sixth Circuit between 2013 and 2017). Under *Lewis*, our district courts, when sentencing supervised-release violators, are more likely to revoke supervised release and impose longer prison terms because they are permitted to punish the violators.

Under the Federal Rules of Appellate Procedure, cases in which the dispositive issues "have been authoritatively decided" are not usually set for oral argument. Fed. R. App. P. 34(a)(2)(B). Because of *Lewis*, this case was a "Rule 34" case and decided summarily. In my view, given the widespread impact of *Lewis* and the vigorous debate concerning its viability, as

articulated by Judge Moore's dissent and the varying circuit decisions on this issue, this is an exceptionally important issue warranting full briefing and argument before our En Banc Court.

ENTERED BY ORDER OF THE COURT

_____

Kelly L. Stephens, Clerk