RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0048p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 23-3422

EDGARDO ESTERAS,

*Defendant-Appellant*.

On Petition for Rehearing En Banc.
United States District Court for the Northern District of Ohio at Youngstown.
No. 4:14-cr-00425-10—Benita Y. Pearson, District Judge.

Decided and Filed: March 7, 2024

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON PETITION FOR REHEARING EN BANC:** Christian J. Grostic, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. **ON RESPONSE:** Matthew B. Kall, Jason Manion, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

The court issued an order denying the petition for rehearing en banc. MOORE, J. (pg. 3), delivered a separate opinion, in which STRANCH, J., joined, dissenting from the denial of the petition for rehearing en banc. GRIFFIN, J. (pp. 4–5), also delivered a separate opinion, in which STRANCH and BLOOMEKATZ, JJ., joined, dissenting from the denial of the petition for rehearing en banc.

---

**ORDER**

---

The court received a petition for rehearing en banc.  The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision.  The petition then was circulated to the full court.  Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting from denial of rehearing en banc. I adhere to my dissent from the denial of Esteras's first petition for en banc rehearing, and again respectfully dissent today. *United States v. Esteras*, 88 F.4th 1170, 1171–76 (6th Cir. 2023) (Moore, J., dissenting). I would grant the current petition for rehearing because *United States v. Lewis*, 498 F.3d 393 (6th Cir. 2007), and the amended panel order in this case contravene the statutory text, disregard Supreme Court precedent, and place the Sixth Circuit at the extreme of a circuit split, allowing our district courts expressly to punish defendants for violations of supervised release. *Esteras*, 88 F.4th at 1171–75 (Moore, J., dissenting). Judge Griffin rightly flags the severe consequences that our precedents create for the hundreds of individuals who face revocations of supervised release each year, and correctly points out that these consequences and the shaky foundation of our precedents mean that Esteras's petition raises questions of exceptional importance. En banc rehearing remains warranted for all of these reasons.

––––––––––––––––––

**DISSENT**

––––––––––––––––––

GRIFFIN, Circuit Judge, dissenting.

As I did after the first en banc poll, *United States v. Esteras*, 88 F.4th 1170, 1176 (6th Cir. 2023) (Griffin, J., dissenting from denial of rehearing en banc), I respectfully dissent from the denial of Esteras's Second Petition for Rehearing En Banc. I would grant the petition because the question raised is of exceptional importance warranting consideration and decision by our En Banc Court after full briefing and argument. Fed. R. App. P. 35(a)(2).

Under *United States v. Lewis*, district courts may revoke supervised release—and impose more prison time—for the purpose of punishment, a consideration ostensibly prohibited by the statutory text. 498 F.3d 393, 399–400 (6th Cir. 2007); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . revoke a term of supervised release . . . ."); *Concepcion v. United States*, 597 U.S. 481, 494 (2022) (interpreting § 3583(c)—which, like § 3583(e), excludes § 3553(a)(2)(A) from its list of "only certain factors"—and noting that exclusion "expressly preclude[s] district courts from considering the need for retribution"); *Tapia v. United States*, 564 U.S. 319, 325–26 (2011) (explaining that 18 U.S.C. § 3553(a)(2)(A–D) reflects "the four purposes of sentencing generally" and that § 3553(a)(2)(A) reflects the purpose of punishment).

*Lewis*'s holding has enormous consequences for the liberty of hundreds of defendants within our circuit who are sentenced every year for violating supervised-release conditions. *See* U.S. Sent'g Comm'n, *Federal Probation and Supervised Release Violations* 51–52 (July 2020), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200728_Violations.pdf (reflecting an average of 1,685 probation and supervised-release violations each year in district courts within the Sixth Circuit between 2013 and 2017). Under *Lewis*, our district courts, when sentencing supervised-release violators, are more likely to revoke supervised release and impose longer prison terms because they are permitted to punish the violators.

Under the Federal Rules of Appellate Procedure, cases in which the dispositive issues "have been authoritatively decided" are not usually set for oral argument. Fed. R. App. P. 34(a)(2)(B). Because of *Lewis*, this case was a "Rule 34" case and decided summarily. In my view, given the widespread impact of *Lewis* and the vigorous debate concerning its viability, as articulated by Judge Moore's dissents from the denials of rehearing and the varying circuit decisions on this issue, this is an exceptionally important issue warranting full briefing and argument before our En Banc Court.

ENTERED BY ORDER OF THE COURT

_____
Kelly L. Stephens, Clerk