NOT RECOMMENDED FOR PUBLICATON
File Name: 24a0234n.06

Case No. 23-3841

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 04, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ROBERT PAUL DURRELL, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | O P I N I O N |

Before: SUTTON, Chief Judge; McKEAGUE and BUSH, Circuit Judges.

**McKEAGUE, Circuit Judge.** Robert Durrell appeals the district court's decision to revoke his supervised release and sentence him to 14 months in prison. But binding precedent squarely forecloses Durrell's argument. We **AFFIRM**.

**I.**

Robert Durrell started a term of supervised release in 2019 after serving a federal prison sentence. Durrell's supervised release was conditioned on his refraining from committing more crimes. But just a few years later, he robbed a convenience store at gunpoint.

The district judge revoked Durrell's supervised release after Durrell admitted to violating his release conditions. The government asked for a sentence at the top of the guidelines range, citing the serious nature of Durrell's violation. It also made deterrence and public-safety arguments. The district judge agreed with the government's arguments and sentenced Durrell to

14 months' imprisonment. She added that the sentence "reflects the seriousness of [Durrell's] conduct and shows respect for the law." Hr'g Tr., R.18 at PageID 89. Durrell now appeals.[1]

**II.**

Durrell's sole argument on appeal is that the district judge relied on a prohibited sentencing consideration. Under 18 U.S.C. § 3583(e), district courts must consider certain factors when revoking a defendant's supervised release. That statute cross-references most of the § 3553(a) sentencing factors but omits § 3553(a)(2)(A)—the factor directing courts to impose sentences that "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment." Thus, Durrell argues, the district judge erred by considering that factor.

But as Durrell acknowledges, we've already rejected his argument in binding caselaw. *See United States v. Lewis*, 498 F.3d 393 (6th Cir. 2007), *cert. denied*, 555 U.S. 813 (2008); *United States v. Esteras*, 88 F.4th 1163 (6th Cir. 2023), *reh'g en banc denied*, 88 F.4th 1170 (6th Cir. 2023) *and* 95 F.4th 454 (6th Cir. 2024). *Lewis* held that district courts can consider the § 3553(a)(2)(A) factor in supervised-release revocations. Among other things, it reasoned that § 3583(e)'s text didn't create an exclusive list of permissible considerations. *Lewis*, 498 F.3d at 399–400. Last year's *Esteras* decision reinforced *Lewis*'s reasoning and rebuffed arguments that intervening Supreme Court precedent undermined its holding.[2] *Esteras*, 88 F.4th at 1167–68. Because *Lewis* and *Esteras* bind us, we cannot rule in Durrell's favor. *See United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017).

The district court's order is **AFFIRMED**.

---

[1] Durrell didn't object to the district court's sentencing decision. That normally would trigger plain-error review on appeal. But the more forgiving abuse-of-discretion standard applies here because the district court never afforded Durrell an opportunity to object during his hearing. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

[2] In two post-*Lewis* (but pre-*Esteras*) opinions, the Supreme Court noted that courts cannot consider the need for "retribution" when imposing an initial supervised-release term. *Tapia v. United States*, 564 U.S. 319, 326 (2011); *Concepcion v. United States*, 597 U.S. 481, 494 (2022). *Esteras* deemed the Court's observation consistent with *Lewis*'s rule. Although *Esteras* focused on *Tapia*, its logic applies equally to *Concepcion*. *See Esteras*, 88 F.4th at 1168.